## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LINWOOD GRAY**,

    Plaintiff,

  v.

**PHILLIS BAUM,** *CEO for Leesburg Regional Medical Center*, *et al.*,

    Defendants.

Civil Action No. 22-cv-1858 (TSC)

### <u>MEMORANDUM OPINION</u>

 Plaintiff, proceeding *pro se*, has sued three employees of Leesburg Regional Medical Center ("LRMC") in Leesburg, Florida.  Complaint, ECF No. 1, at 2.  Plaintiff claims he was taken to LRMC for treatment in 2019 while incarcerated at a nearby federal prison.  *Id.* at 3.   He alleges that LRMC's medical staff not only failed to treat his medical needs, but also caused him physical harm, for which he seeks compensatory damages.  *Id*. at 3-4.  Plaintiff has also moved for entry of default judgment as to two of the named defendants:  Phillis Baum and Heather Long.  *See* ECF Nos. 7, 8.  For the reasons below, the court will DENY the motions and DISMISS this action without prejudice.

 First, Plaintiff has failed to demonstrate that venue is proper in this district.  "A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

      (3) if there is no district in which an action may otherwise be brought as provided
         in this section, any judicial district in which any defendant is subject to the
         court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b).  Applying these provisions, venue appears to be proper in Florida, where

Defendants reside and the events giving rise to Plaintiff's claim occurred, but not here in the

District of Columbia.  When cases are filed in the wrong district, the district court "shall dismiss,

or if it be in the interest of justice, transfer such case to any district or division in which it could

have been brought."  28 U.S.C. § 1406(a).

      After the court ordered Plaintiff to show cause as to why venue was proper in this district,

*see* ECF No. 3, he responded that "[p]rosecutors can pick the venue they wish to charge an

individual," so he should be able to do the same, and that because he "is indigent and

unemployed, he cannot make any appearances in the state of Florida," ECF No. 4 at 2.  The court

is sympathetic to Plaintiff's situation, but neither argument satisfies the requirements for venue

under 28 U.S.C. § 1391.  That alone is grounds for denying Plaintiff's motions and dismissing

this action.

      Second, Plaintiff has failed to timely serve process on the named defendants in the more

than four months since he filed his complaint.  The court has repeatedly advised Plaintiff of his

obligations to serve process under the Federal Rules of Civil Procedure.  *See* Order, ECF No. 2;

October 6, 2022 Minute Order to Show Cause.  Plaintiff filed a Return of Service/Affidavit of

Summons and Complaint Executed on October 27, 2022.  ECF No. 6.  But the attachments to

that filing do not show that Plaintiff complied with the requirements of Federal Rule of Civil

Procedure 4.  All the attachments show is that Plaintiff mailed something to Baum and Long at

the LRMC address.  *See* ECF No. 6 at 3-6, Exhibits A-1, A-2, B-1, B-2.  There is no indication

that the mail included a copy of the summons and complaint, Fed. R. Civ. P. 4(c)(1), that the

mail was served to the Defendants as individuals, *id.* 4(e), or that the mail was served by a competent process server, *id.* 4(c)(2).  Nor is there any sign that Defendants waived service.  *Id.* 4(d).  Plaintiff's filing also did not provide any cause for his failure to properly serve.  The failures to timely serve and to show cause are an independent ground for denying Plaintiff's motions and dismissing the action.  *Id.* 4(m).

For these reasons, the court will DENY Plaintiff's Motion for Entry of Default as to Phillis Baum, ECF No. 7, DENY Plaintiff's Motion for Entry of Default as to Heather Long, ECF No. 8, and DISMISS this action without prejudice.

Date: November 14, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge